## Case No. 12,958.

### SLOO et al. v. LAW et al.

[4 Blatchf. 268.] [1]

Circuit Court, S. D. New York. Feb. 11, 1859.

ATTORNEY AND CLIENT—SUBSTITUTING NEW SOLICITOR—FEES DUE—CONDITIONS.

1. A party will not be permitted to substitute a new solicitor in place of one who has had charge of the cause, without the consent of the court.

[Distinguished in Isaacs v. Abraham. Case No. 7,094. Cited in Wilkinson v. Tilden, 14 Fed. 780.]

2. Circumstances stated, under which the court will give its consent that the solicitor be changed, and order that he deliver up the papers, without the payment of his fees.

3. Where, after a party had notified his solicitor, who had faithfully discharged his duties, that his services as solicitor in the cause were no longer wanted, and that his fees for his past services would not be paid, and had attempted to substitute another solicitor in his place, the solicitor sued out an attachment against the party for his fees: *Held*, that the bringing of the attachment was no ground for ordering the solicitor to be discharged from the cause without the payment of his fees.

This was a suit in equity [by Albert G. Sloo and others against George Law and others], in which George D. Sargeant, Esq., was the solicitor for the plaintiffs. A motion had heretofore been made to the court, by the plaintiffs, for an order to substitute another solicitor in the cause, in the place of Mr. Sargeant, and to compel him to deliver to the plaintiffs the papers in the cause. Upon that motion, Mr. Sargeant signified a willingness that such substitution should take place, and also a willingness to give up all the papers in the cause, upon the payment of his fees. To this the plaintiffs objected, and they insisted that such substitution should be ordered without a previous payment of such fees. Thereupon, it was ordered that such substitution might take place upon the payment of the fees due to Mr. Sargeant, and not before, and that a reference be had to ascertain the amount of the fees due to him. The report of the referee had been filed with the clerk. A motion was now made by the plaintiffs to vacate such former order of the court, and for an order that Mr. Sargeant be discharged from the cause as solicitor for the plaintiffs, without the payment of his fees, and also that he deliver up the papers in the cause to the plaintiffs, or to such solicitor as they might substitute in his place, upon the ground that Mr. Sargeant, a few days before the former order was made, sued out an attachment against the plaintiffs, in the supreme court of New York, for the fees which he claimed to be due to him from the plaintiffs, and that the bringing of such attachment was unknown to the plaintiffs at the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

time the former order was made, and had only just come to their knowledge.

S. Weir Roosevelt, for plaintiffs.
George D. Sargeant, in person.

INGERSOLL, District Judge. A party will not be permitted to substitute a new solicitor in the place of one who has had charge of the cause, without the consent of the court. That consent is sometimes given upon terms, and sometimes without terms; sometimes upon condition that the fees of the first solicitor be paid, and sometimes without such condition. When a solicitor has abandoned the cause of his client or when he is not faithful to such cause, or when he acts in a manner that is inconsistent with the trust reposed in him, the court will give its consent that the solicitor be changed, and order that he deliver up the papers, without the payment of his fees. The bringing of a suit against the client, by the solicitor, for his fees, may, under certain circumstances, be such an act as will justify the client in substituting another solicitor in his place, and will authorize the court to consent to such substitution without the payment of his fees.

In the present case, the suit by attachment in favor of Mr. Sargeant, for his fees, did not precede the efforts of the plaintiffs to substitute another solicitor in his place. The attempt to make such substitution was before such suit was commenced. It was not caused by such suit, or by any unfaithful act on the part of Mr. Sargeant, or by any act on his part that was inconsistent with the trust reposed in him as the solicitor for the plaintiffs. The suit was commenced after the attempt was made by the plaintiffs to substitute another solicitor in his place, after they had notified him that his services as solicitor in the cause were no longer wanted, and after they were endeavoring to substitute another in his place, without paying his fees. He had faithfully attended to the duties imposed upon him as solicitor. Under these circumstances, the suit by Mr. Sargeant was not either a voluntary abandonment of the cause of his clients, or a voluntary withdrawal from the same. It was not an act faithless to the cause of his clients, or inconsistent with the trust originally reposed in him as the solicitor for the plaintiffs. When the suit was commenced, he had been notified that his services, as solicitor were no longer wanted, and that the plaintiffs refused to pay him for his past services. He had, in effect, been notified by them, that, if he received anything, it must be by means of a suit. It is the duty of the court to protect solicitors and other officers of the court, when they have faithfully performed their trust, and that duty should be faithfully executed.

There is no fact now brought to the knowledge of the court, to induce it either to vacate the order heretofore made, or to change·

or alter it in any respect. The court will consent that a solicitor be substituted in the place of Mr. Sargeant, when his fees are paid, and not before. The motion now made must, therefore, be denied.